UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|                                                                                                    |                          |
| -------------------------------------------------------------------------------------------------- | ------------------------ |
| TAMARA ESCOBAR,                                                                                    |                          |
| Plaintiff,                                                                                         | Case No. 13-CV-1249-JPS  |
| v.                                                                                                 |                          |
| UNITED HEALTHCARE SERVICES, INC. and HUMANA HEALTH PLAN, INC. d/b/a HUMANA,                        |                          |
| Involuntary Plaintiffs and Defendants,                                                             | ORDER                    |
| and                                                                                                |                          |
| INFINITY HEALTHCARE PHYSICIANS, S.C., *et al.*,                                                    |                          |
| Defendants.                                                                                        |                          |

This matter, originally filed in Kenosha County Circuit Court, comes to this court upon a notice of removal filed by defendants: Kenosha Human Development Services, Inc.; Levin Stevenson; Angela Kyse; Steffany Caputo; and Pamela Nerad (individually, "KHDS," "Stevenson," "Kyse," "Caputo," and "Nerad"; collectively, "removing defendants"). (Docket #1). Currently pending are four separate motions for remand. (Dockets #5, #8, #12, and #24). For the reasons explained below, the motions for remand will be granted.

1.  Facts Alleged in the Complaint

The Complaint's twenty-two claims relate to events that transpired on October 5 and 6, 2010. On the morning of October 5, 2010, Jaime Escobar ("Jaime")[1] was admitted as a patient to the Emergency Department of defendant United Hospital System Kenosha Medical Center Campus

---

[1]Subsequent references to Jaime Escobar will use his first name, Jaime, to distinguish him from his wife, plaintiff Tamara Escobar.

("KMH"). (Compl. at p. 12, ¶ 11). Jaime received a psychosocial assessment which revealed that he was delusional, paranoid, manic, depressed, and had suicidal ideation. (Compl. at p. 12, ¶ 12). That afternoon, Jaime became agitated, and hospital staff contacted defendant Kenosha Police Department ("KPD") and the KHDS crisis unit. (Compl. at p. 12, ¶ 13). KHDS employees Nerad and Caputo went to KMH to observe and/or evaluate Jaime. (Compl. at p. 12, ¶¶ 15-19). At approximately 9:00 p.m., KMH discharged Jaime. (Compl. at p. 13, ¶ 22). Upon exiting KMH, Jaime attacked a third party, America Olson, strangling her in the KHM parking lot. (Compl. at p. 13, ¶ 23). KPD officer and defendant Gloria Gonzales responded to the incident and arrested Jaime. (Compl. at p. 13, ¶ 24). At approximately 9:20 p.m., Jaime was taken to Kenosha County Jail ("KCJ"). (Compl. at p. 13, ¶ 26). During his booking at approximately 11:42 p.m., Jaime was acting in an unstable manner, and KCJ staff decided not to place him in the general population; instead, at approximately 2:30 a.m. on October 6, 2010, Jaime was moved to a cell in Administrative Segregation. (Compl. at p. 14, ¶¶ 34, 38). At approximately 5:00 a.m., a KHDS crisis worker, defendant Kyse, evaluated Jaime and found him to be in distress and unstable. (Compl. at p. 14, ¶ 40). At approximately 9:30 a.m., Jaime was found hanging by a towel in his cell, with his feet between the cell bars. (Compl. at p. 15, ¶ 44). Responders determined that Jaime did not have a pulse and was not breathing, and transported him to KMH, where staff concluded he suffered a permanent anoxic brain injury. (Compl. at p. 15, ¶¶ 45-46). Jaime died on January 10, 2012. (Compl. at p. 18, ¶ 62).

The complaint alleges claims sounding in tort (medical malpractice, wrongful death, and negligence), claims sounding in contract (bad faith denial of insurance coverage), and claims arising under the Eighth and

Fourteenth Amendments to the United States Constitution (cruel and usual punishment).

2. Removal

The removing defendants filed a notice of removal. (Docket #1). Three sets of defendants and the plaintiff moved for remand. (Dockets #5, #8, #12, #24). Two of the motions for remand also request an award of costs and fees incurred in moving for remand. (Dockets #5 at 4; Docket #12 at 4).

All four motions for remand proceed on the same legal argument: the parties maintain that 28 U.S.C. § 1446(b)(2)(A) requires consent of all defendants to remove the action, that the removing defendants never obtained such consent, and that, in fact, several of the defendants will not consent to removal in this case.

In response, the removing defendants cite 28 U.S.C. § 1441(c), which provides:

> (1) If a civil action includes–
>
>   (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
>   (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c). By the removing defendants' reading of this statute, the court should sever and retain the constitutional claims asserted against the removing defendants and remand only the claims sounding in tort and contract. The removing defendants further assert that consent of the other defendants is not required because the claims against the other defendants are the claims that would be remanded to Kenosha County. (Docket #18 at 3).

In a joint reply brief, several of the moving defendants argue that Section 1441(c) is inapplicable to this case because the court has supplemental jurisdiction over all of the plaintiff's tort and contract claims, and 1441(c) only comes into play when the court lacks such jurisdiction. (Docket #20 at 5).

The court agrees that the removing defendants' argument relies on a statutory provision that does not apply in this case. Preliminarily, federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Then, under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over claims "related" to those claims within their original jurisdiction, including claims involving additional parties. This supplemental jurisdiction extends "to all claims sufficiently related to the claim on which [the court's] original jurisdiction is based…." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181 (7th Cir. 1993). For purposes of supplemental jurisdiction, claims are "sufficiently related" when they derive from a common nucleus of operative facts. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). A common nucleus of operative facts exists as long as the state and federal claims "revolve[ ] around a central fact pattern." *See Royal Towing, Inc. v. City of Harvey*, 350 F.Supp.2d 750, 755 (N.D. Ill. 2004).

Pursuant to 28 U.S.C. § 1331, the court certainly has original jurisdiction over the plaintiff's claims invoking the federal constitution. Further, the court has supplemental jurisdiction over the plaintiff's remaining contract and tort claims because they derive from a common nucleus of operative facts. As the brief recitation of facts above details, the defendants' acts and omissions upon which plaintiff alleges liability all occurred within a 24-hour period from October 5 to October 6, 2010. Further, as the joint brief explains, plaintiff's constitutional claims rely heavily on facts that occurred while Jaime was a patient at KMH or in KMH's parking lot. (Docket #20 at 8). And finally, the injury and damages for which plaintiff seeks to recover are essentially the same among all of plaintiff's claims. The court thus concludes that, had plaintiff filed her complaint initially in this court, the court would have original jurisdiction over the constitutional claims and supplemental jurisdiction over the remaining tort and contract claims. This conclusion renders Section 1441(c) governing removal inapplicable to this case. Instead, consent to removal of the action by all defendants is required by 28 U.S.C. § 1446(b)(2)(A). Because the removing defendants never obtained such consent, and upon the averments of the remaining defendants that such consent is not forthcoming, the court thus concludes that removal of this action is improper. Accordingly, the various motions to remand will be granted.

This leaves the issue of costs. Two of the motions for remand also request an award of costs and fees, citing as authority 28 U.S.C. § 1447(c), which provides, in part, that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Dockets #5 at 4; Docket #12 at 4). The Supreme Court has held that payment may be required "only where the

removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "When deciding whether fee-shifting is appropriate, courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation." *Micrometl Corp. v. Tranzact Technologies, Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (*citing Martin*, 546 U.S. at 140).

The court concludes that ordering payment is appropriate in this case. The court is sympathetic to the removing defendants' desire to have their federal constitutional questions adjudicated in federal court. However, the federal removal statutes are not terribly complex, and the court is confident that the removing defendants could have avoided this entire controversy—and the utilization of the moving parties' and this court's limited resources—had they simply read the relevant provisions prior to filing their notice of removal. Instead, it appears they took the tack of filing first and reading later: their notice of removal does not address the obvious frailty of lack of consent from the other defendants, and their responsive briefing reads as *post hoc* explanation. On this record, the court finds that the removing defendants did not have an objectively reasonable basis for seeking removal, and thus an award of just costs and actual expenses are appropriate. The parties are encouraged to resolve the amount of such costs and expenses among themselves—without the necessity of further involvement by the court. However, if they are unable to do so, the moving parties may make an appropriate application to the court for a judicial determination of the dollar amount.

Accordingly,

IT IS ORDERED that the Injured Patients and Families Compensation Fund's motion to remand (Docket #5) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that Midwest Medical Insurance Co. and United Hospital System Kenosha Medical Center Campus's motion to remand (Docket #8) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that Dr. Manish Acharya, Infinity Healthcare Physicians SC, Dr. Brian Kasalajtis, and Proassurance Group Services Corporation's motion to remand (Docket #12) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that plaintiff's motion to remand (Docket #24) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the Clerk of the Court take all appropriate steps to effectuate this remand order;

IT IS FURTHER ORDERED that the parties attempt to resolve the amount of costs and expenses among themselves and, if unsuccessful, make an appropriate application to the court; and

IT IS FURTHER ORDERED that this case be and the same is hereby DISMISSED.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of March, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge